# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-10670
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2015

Lyle W. Cayce
Clerk

————

DARLENE C. AMRHEIN,

     Plaintiff - Appellant

v.

LA MADELEINE, INCORPORATED; STATE OF TEXAS; RICK PERRY,
Governor; GREGG ABBOTT, Attorney General; ANDRES ANDRADE,
Secretary of State; TEXAS STATE LEGISLATURE; DALLAS COUNTY;
JOHN F. WARREN, County Clerk of Records; SALLY MONTGOMERY,
Judge, County Court at Law No. 3; D'METRIA BENSON, Judge, County
Court at Law No. 1; TED AKIN, Judge, County Court at Law No. 1; JOHN
OVARD, Administrative Judge; REGIONAL ADMINISTRATIVE COURT;
COUNTY COURT AT LAW FIFTH DISTRICT OF TEXAS; STATE BAR OF
TEXAS; SUPREME COURT OF TEXAS; JERRY FAZIO; ROBERT
CLARKSON; DALLAS TEXAS COURTS & JUDGES; JACK PIERCE;
BALIFF CHRISTENSON; SECRETARY OF STATE HOPE ANDRADE;
OWEN & FAZIO, P.C. LAW FIRM; BRETT CORNWELL; UNION
SECURITY INSURANCE COMPANY,

     Defendants - Appellees

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2440

————

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

No. 13-10670

PER CURIAM:*

Darlene Amrhein originally brought this employment action against La Madeleine, Inc. in Texas state court. She indicates that the litigation has been ongoing for 14 years. She has made allegations against all branches of the Texas government and several private individuals. In the current federal-court lawsuit, Amrhein sued several new defendants and amended her complaint three times. The current complaint totals over 200 pages and includes over 52 issues. In granting the defendants' motions under Rule 12(b)(6), the district court held that Amrhein had failed to state a claim for which relief could be granted. We AFFIRM.

We review a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). *Pro se* plaintiffs generally are allowed to amend their pleadings to present a claim upon which relief may be granted "unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (citations omitted). Courts cannot decide cases unless the plaintiff's claims have a specific basis in facts, thus allowing the court to consider whether relief should be granted. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

We agree with the district court that even after several amendments, Amrhein's pleadings never became sufficiently clear to permit the suit to proceed. The complaint must demonstrate that there is more than a "mere

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 13-10670

possibility of misconduct." *Hale*, 642 F.3d at 499 (citation omitted). Amrhein's complaint failed to do so.

As noted by the district court, Amrhein is apparently frustrated because she has not gotten the resolution she seeks. The courts can resolve disputes brought to them only under the requirements established by the Constitution, statutes, rules, and caselaw. The resolution almost always disappoints someone. Amrhein might well serve her own interests by seeking competent legal advice before deciding to continue pursuing a court ruling in her favor.

All pending motions are denied.

AFFIRMED.